UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ALLSTATE INDEMNITY COMPANY,

                          Plaintiff,           **REPORT & RECCOMMENDATION**

    v.                                        20-cv-2800 (JMA) (ST)

PROGRESSIVE CASUALTY INSURANCE
COMPANY,

                         Defendant.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

## INTRODUCTION

Plaintiff Allstate Indemnity Company brought this action to recover $250,000 from Defendant Progressive Casualty Insurance Company, which it claims is owed to it due to Defendant's wrongful disclaimer of coverage for damages arising out of an underlying motor vehicle accident. Defendant has moved to dismiss Plaintiff's claim alleging it fails as a matter of law, and Plaintiff has moved for summary judgment against Defendant, alleging no genuine issue of material fact exists as to its entitlement to the reimbursement. I recommend that both motions be DENED.

## BACKGROUND

### I.    Facts

The following facts are agreed upon by the parties though, for the purposes of assessing the motion to dismiss, Plaintiff's non-conclusory allegations in the complaint are presumed true.

On June 20, 2015, three relevant policies were in effect. Allstate had issued a primary auto insurance policy to Frank Moretti, Sr. and Carmencita Moretti with a limit of $250,000. Pl. 56.1 Br., ¶ 7, ECF No. 21; Def. 56.1 Br., ¶ 7, ECF No. 20-1. Progressive had also issued an auto policy to Frank Moretti, Jr., with a policy limit of $250,000. *Id.* at ¶ 8. The Progressive policy stated that "any insurance we provide for a vehicle or trailer, other than a covered auto, will be in excess over any other valid or collectible insurance…" *Id.* at ¶ 11. Allstate had additionally issued an umbrella policy to Frank Moretti, Sr. and Carmencita Moretti, which had a policy limit of $1,000,000. *Id.* at ¶ 9. That policy provided that its coverage was for over "the limits of any other liability insurance available to an insured person which apply to the occurrence." *Id.* at ¶ 10.

On June 20, 2015, Frank Moretti, Jr. was involved in a motor vehicle accident. *Id.* at ¶ 13. In this accident, his vehicle struck the vehicle of Vincent Sarmiento. *Id.* at ¶ 18, 20. The car Mr. Moretti was driving when the accident occurred was owned by his mother, Carmencita Moretti, and was not the "covered auto" under the Progressive insurance policy. *Id.* at ¶ 12. Mr. Moretti was arrested for driving while intoxicated at the accident site. *Id.* at ¶ 33.

On August 19, 2015, Mr. Sarmiento filed an action in New York State Supreme Court in Suffolk County against the Frank Moretti, Jr. and Carmencita Moretti to recover for damages suffered as result of the accident. Ockert Dec., Exh. A, ECF No. 18-2. During discovery, Mr. Moretti was deposed and admitted that he that he had been drinking at a pub, and it was after exiting the pub parking lot that the accident occurred. Pl. 56.1 Br., ¶¶ 17-18; Def. 56.1 Br., ¶¶ 17-18. The police report from the accident read, "Veh #1 was traveling W/B and was struck by Veh #2 which was making a U-turn across all lanes of traffic…" *Id.* at ¶ 35. A witness to the accident also corroborated the police report. *See id.* at ¶¶ 28-30.

While the civil case was pending, Mr. Moretti pled guilty to driving while intoxicated, admitting at his plea hearing on April 6, 2017 that he had consumed "rum and five shots" which had made him intoxicated, and that he operated a motor vehicle which was involved in an accident while in that condition. *Id.* at ¶¶ 36-37.

Allstate provided defense and indemnification to Carmencita Moretti and Frank Moretti in the underlying civil action. Pl. Compl. ¶ 10, ECF No. 1. In the course of that defense, it made the decision along with Mr. Moretti's personal attorney to concede liability in the civil action. Pl. 56.1 Br., ¶ 42; Def. 56.1 Br., ¶ 42. It did so because "it was determined there was no basis upon which to defend the liability portion of the case…[Additionally, Allstate's attorney believed] permitting the jury to hear evidence relating to the liability portion of this action would, in all probability, enflame the jurors' passions with respect to awarding damages." *Id.* at ¶¶ 39-40. Thus, the State Supreme Court entered an order granting an unopposed partial summary judgment motion by Mr. Sarmiento as to defendants' liability on October 17, 2017. *See* Ockert Dec., Exh. C, ECF No. 18-4.

After this, Allstate reviewed medical and disability insurance benefits records and consulted with various medical experts. *See* Pl. 56.1 Br., ¶¶ 45-55; Def. 56.1 Br., ¶¶ 44-55. This was because "Defense counsel focused the defense on vigorously disputing the causality of [Mr. Sarmiento's] alleged damages as it was clear that plaintiff had an extensive and significant pre-accident medical history of spinal complaints, conservative treatment, surgical procedures, and prescription pain medication use." *Id.* at ¶ 48. Once that was completed, in August of 2018, Allstate tendered $250,000, the limit of its primary policy, to Mr. Sarmiento and notified Progressive of the claim. *Id.* at ¶ 56. On August 22, 2018, Progressive disclaimed coverage citing "[The] failure to report this accident or loss to Progressive as soon as reasonably possible,

3

which has prejudiced and materially impaired our ability to investigate and defend any associated claims." *Id*. at ¶ 57.

The Progressive policy had a section regarding notice, pertinent to this action. The policy read in pertinent part, "For coverage to apply under this policy, you or the person seeking coverage must report each accident or loss as soon as reasonably possible…A person seeking coverage must…promptly call to notify us about any claim or lawsuit and send us any and all legal papers relating to the claim or suit…Failure to give any notice required by this policy within the time prescribed will not invalidate a claim made by you or a person seeking coverage unless our interests are prejudiced. Any such prejudice, however, will not invalidate that claim if it is shown not [to] have been reasonably possible to give notice within the time prescribed and that notice was given as soon as reasonably possible thereafter." Pl. Compl. ¶ 14.

Allstate asked Progressive to reconsider its denial of coverage on May 6, 2019, and, on May 16, 2019, Progressive reaffirmed its denial of coverage. Pl. 56.1 Br., ¶¶ 58-59; Def. 56.1 Br., ¶¶ 58-59.

In June of 2019, the parties settled the underlying civil action for $750,000. *Id.* at ¶ 62. Allstate again asked for reconsideration on July 18, 2019 and, on August 9, 2019, Progressive reaffirmed its disclaimer of coverage for a second time. *Id.* at ¶¶ 60-61. Because of Progressive's disclaimer, Allstate's umbrella policy paid out the remaining $500,000 of the settlement.

## II.    Procedural History

Allstate filed the complaint in this action against Progressive on June 22, 2020 seeking $250,000 from Progressive in reimbursement for funds paid out under the Allstate umbrella policy for the settlement in the underlying civil action which it claims should have been paid out

4

by Progressive's policy, which had a $250,000 limit. In furtherance of that, Allstate claims Progressive's disclaimer of coverage was wrongful because Allstate notified Progressive of the accident and the underlying action as soon as it became apparent that damages would exceed the limits of the primary policy and because Progressive was not actually prejudiced by any alleged late notice. Pl. Compl. ¶ 22, ¶¶ 36-37.

On September 16, 2021, Allstate filed a motion for summary judgment which was not yet fully briefed. *See* ECF No. 17. The parties were directed by the Hon. Joan M. Azrack to file motions only when fully briefed pursuant to this Court's individual rules. On November 8, 2021, Progressive filed a fully briefed motion to dismiss while, on the same day, Allstate filed its fully briefed motion for summary judgment. *See* ECF Nos. 18-23. In its motion to dismiss, Progressive argued Allstate was foreclosed by statute from asserting that it had not been prejudiced by the late notice and, thus, that Allstate's claim, even if all the facts in the complaint were true, failed as a matter of law. Allstate, meanwhile, in both its opposition to the motion to dismiss and its own summary judgment motion argued that it was not foreclosed from asserting Progressive was not prejudiced, that Progressive was not in fact prejudiced, and that its notice was timely as it had notified Progressive as soon as it believed the claim might impact Progressive's policy.

Judge Azrack referred both motions to me for a Report and Recommendation. I will address each below.

## DISCUSSION

I. **Progressive's Motion to Dismiss**

a. **Legal Standard**

When assessing a Rule 12(b)(6) motion to dismiss, a court must determine whether the Plaintiff's complaint contains a legally cognizable claim made up of allegations that, if proven, would show that the Plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). *Twombly* and *Iqbal* command that all elements of the Plaintiff's claim must be plausibly alleged in the complaint, such that the complaint contains more than "naked assertions," or allegations that amount to "sheer possibility," containing instead "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), the Court "must accept all factual allegations [in Plaintiff's complaint] as true and draw all reasonable inferences in favor of the non-moving party." *Giambrone v. Meritplan Ins. Co.*, 13-CV-7377 (MKB) (ST), 2017 WL 2303980 at *3 (E.D.N.Y. Feb. 28, 2017) (internal quotation marks, citation omitted) (*adopted by Giambrone v. Meritplan Ins. Co.,* 13-CV-7377, 2017 WL 2303507 (E.D.N.Y. May 24, 2017)). "In the context of a motion to dismiss a coverage dispute, courts may consider the contents of an insurance policy, whether or not the plaintiff attaches the policy as an exhibit to its complaint." *Meritt Envtl. Consulting Corp. v. Great Divide Ins. Co.,* No. 17-CV-7495, 2018 U.S. Dist. LEXIS 175527, *14 (E.D.N.Y. Oct. 10, 2018) (citing *Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 140 n.1 (2d Cir. 1999)).

### b. Disposition

Plaintiff Allstate's complaint alleges the timeline discussed in the facts section above, asserts that it notified Progressive of the claim and underlying lawsuit on August 7, 2018, that it provided a "thorough and appropriate defense" in the underlying action, that it notified Progressive of the accident and action "as soon as it became apparent that damages would exceed the limits of the underlying Allstate Auto Policy," and that "Progressive was not prejudiced by any perceived late notice of the accident or underlying lawsuit." Pl. Compl. ¶¶ 15, 21-22, 36. Defendant Progressive argues Plaintiff is foreclosed by statute from asserting it was not prejudiced because summary judgment was entered on the insured's liability for the accident prior to Progressive receiving notice. Def. Mot. to Dis. Br., 1, ECF No. 18-5. It argues this establishes that Plaintiff's claim fails as a matter of law. *Id.*

Defendant cites to New York Insurance Law §3420(c)(2)(B) for this proposition.[1] That provides, "…An irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction…" NY CLS Ins §3420(c)(2)(B).

Plaintiff argues in response that it alleged in the complaint Progressive was not materially prejudiced, that the proper standard is material impairment of the insurer's ability to investigate or defend the claim, and that the legislative history and purpose of the statute contravenes Progressive's interpretation. Pl. Mot. to Dis. Opp. Br., 3, 6-8, ECF No. 18-6.

At the outset, I note that Allstate's allegation in the complaint that Progressive was not prejudiced by any alleged late notice (Pl. Compl. ¶ 36) is conclusory under *Iqbal* and *Twombly*.

---

[1] Both sides agree that New York State substantive law applies in this action. *See* Pl. Sum. Judg. Br., 5-6, ECF No. 23; Def. Mot. to Dis. Br., 4-6.

It is not a factual allegation which the Court must presume true for the purposes of a motion to dismiss.

Allstate is additionally incorrect that only New York Insurance Law §3420(c)(2)(C) controls here and not §3420(c)(2)(B).

§3420(c)(2)(C) reads, "The insurer's rights shall not be deemed prejudiced unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim." NY CLS Ins §3420(c)(2)(C). Plaintiff argues that this supersedes the insurance law's command that an "irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction." NY CLS Ins §3420(c)(2)(B).

However, reading the statute in this way would render §3420(c)(2)(B) superfluous and courts "interpret statutes to give effect, if possible, to every clause and word and to avoid statutory interpretations that render provisions superfluous." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.,* 763 F.3d 198, 209 (2d Cir. 2013) (quoting *United States v. Al Kassar,* 660 F.3d 108, 124-25 (2d Cir. 2011)). Moreover, when the section is read as a whole, (c)(2)(B) and (c)(2)(C) work together. Section (c)(2)(B) creates an irrebuttable presumption of prejudice where the insured's liability had been determined prior to notice precisely because doing so always materially impairs the ability of the not-noticed insurer to defend the claim. Progressive was not afforded the opportunity to assess for itself whether it wanted to contest liability here, and that in and of itself prejudiced it, regardless of how sound the decision not to contest liability may have been for Allstate and the insured. Progressive may have come to the same decision, it may not have, but it was prejudiced by not being allowed to make that choice for itself.

8

The statutory language of §3420(c)(2)(B) is clear and unambiguous: "An irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction…"  As the Second Circuit has held, "It is axiomatic that the plain meaning of a statute controls its interpretation, and that judicial review must end at the statute's unambiguous terms." *Lee v. Bankers Tr. Co.,* 166 F.3d 540, 544 (2d Cir. 1999).  While it is true that New York, in 2008, changed the state's common law no-prejudice rule to the modern notice-prejudice system contained in the New York Insurance Laws (*see Indian Harbor Ins. Co. v. City of San Diego*, 927 F. Supp. 2d 634, 648-49 (S.D.N.Y. 2013)) and did so at least in part to eliminate hardships on the insured (*see Hernandez Castillo v. Prince Plaza, LLC,* 43 Misc. 3d 335, 338-40 (Sup Ct, Kings County, 2005) (affirmed by *Castillo v. Prince Plaza, LLC*, 142 A.D.3d 1127 (2d Dep't,, 2016)), that does not mean the legislature intended to remove all protections from insurers.  To the contrary, this provision is clear and unambiguous and remains in the law.  Its plain meaning controls its interpretation, not an amorphous general purpose to an amendment process.

Given that summary judgment was entered on the insured's liability in this case by a court of competent jurisdiction on October 17, 2017 and Progressive was not notified until August 7, 2018, an irrebuttable presumption of prejudice is established by law.

However, this alone does not end our inquiry.  Allstate's claim in its complaint is that Progressive's disclaimer was wrongful under the terms of the insurance policy.  The insurance policy itself requires notice "as soon as reasonably possible" after any incident and "promptly" after litigation is commenced. Pl. Compl. ¶ 14.  Only if notice is untimely and Progressive is prejudiced is a disclaimer appropriate.  Moreover, the policy provides, "Any such prejudice…will not invalidate [a claim not made as soon as reasonably possible] if it is shown

9

[to] not have been reasonably possible to give notice within the time prescribed and that notice was given as soon as reasonably possible thereafter." *Id.* Therefore, if notice was untimely but the delay was reasonable, Allstate would still have a claim regardless of prejudice caused to Progressive.

"Clauses in an insurance contact requiring 'prompt notice,' notice 'as soon as reasonably practicable,' or 'immediate notice' are generally construed to require notice within a reasonable time after the duty to give notice has arisen." *Christiania General Ins. Corp. v. Great American In. Co.,* 979 F.2d 268, 275 (2d Cir. 1992) (citing *Security Mutual Ins. Co. v. Acker-Fitzsimons Corp.,* 31 N.Y.2d 436, 441 (1972)). Here, Plaintiff's complaint alleges that it notified Defendant "as soon as it became apparent that damages would exceed the limits of the underlying Allstate Auto Policy." Pl. Compl. ¶ 23. We must assume that to be true on a motion to dismiss and so the question becomes, if that is true, would Plaintiff have a plausible claim for relief?

Based on the case law, it would. Progressive's policy was an excess policy because it only covered beyond what was covered by the primary insurance. The Second Circuit has found, "Excess and primary policies have different notice accrual points…" *Olin Corp. v. Am Re-Insurance Co.,* 74 Fed. Appx. 105, 108 (2d Cir. 2003) (internal quotations omitted). In affirming the lower court judgment in that case, the Second Circuit held, "The district court correctly noted that [the insured] was required to provide notice to its excess carriers as soon as practicable after [the insured] had information from which it could reasonably conclude that an occurrence covered under an excess policy involved injuries or damages which…would be likely to trigger the policy." *Id.* (internal quotations omitted). Thus, because Progressive's policy is excess insurance, if Allstate did indeed inform them as soon at it became apparent that damages would

10

exceed the limits of its primary policy, it would have a plausible claim because its notice would have been timely under New York insurance law.

Defendant meanwhile does not address the notice issue in its brief on its motion to dismiss, instead relying solely on prejudice being established. However, if notice was timely, Plaintiff has a plausible claim regardless of the prejudice inquiry. And Plaintiff has alleged sufficient facts to plausibly allege notice was indeed timely.

Thus, I recommend Defendant's motion to dismiss be denied.

## II.     Allstate's Motion for Summary Judgment

### a. Legal Standard

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is material if the fact "might affect the outcome of the suit under the governing law…" *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists as to a material fact when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

On motions for summary judgment, the moving party bears the initial burden of establishing the absence of a material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party meets that burden, the non-moving party must then show there is a genuine dispute for trial. *Id.* The burdens on both parties as to the underlying elements are aligned as they would be at trial. *Id.* at 254.

When considering a motion for summary judgment, the Court must construe "all ambiguities and draw all permissible factual inferences in favor of the party against whom

11

summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

Under New York law, "an insurance agreement is subject to principles of contract interpretation." *Universal Am. Corp. v. Nat. Union Fire Ins. Co.*, 25 N.Y.3d 675 (2015). This Court hears this contract law case sitting in diversity jurisdiction. As such, the substantive law to be applied is state law. *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938). As noted above, the parties agree the state law to be applied is that of New York State.

### b. Disposition

As discussed above, Plaintiff cannot win summary judgment on a theory of no-prejudice to Defendant. By law, Defendant was prejudiced by the State Court's grant of partial summary judgment prior to notice. Therefore, for Plaintiff to be awarded summary judgment, it must show that, when drawing all permissible factual inferences in favor of Defendant, no reasonable jury could find its notice was untimely or that no reasonable jury could find both that its notice was untimely and that its delay was unreasonable.

In support of that, Plaintiff's argument is as follows. Because New York sets the accrual date for notice for excess insurers as the date at which it was reasonable for a party to conclude the excess policy likely would be triggered, the requirement that notice be provided "as soon as reasonably possible" in the insurance contract is to be construed from that date. And, because "There is no basis to determine that the insured reasonably should have known that the claim against him would likely exhaust the primary coverage afforded under the Allstate Auto Policy and trigger the excess policy" until it did indeed notify Progressive, it should be granted summary judgment. *See* Pl. Sum. Judg. Br., 7-9.

Defendant meanwhile makes no arguments in its reply on the notice issue, instead relying upon the fact that prejudice was established as a matter of law and the mere fact that "Progressive was not notified of the accident or Underlying Action [when Allstate was notified of the lawsuit and assigned counsel]." Def Sum. Judg. Br., 4, ECF No. 20.

But, as discussed above, the insurance contract specifically says that even if prejudice is established, notice as soon as "reasonably possible" prevents disclaimer and, even with prejudice and late notice, disclaimer cannot occur if "it is shown to not have been reasonably possible to give notice within the time prescribed and that notice was given as soon as reasonably possible thereafter." Def. Sum. Judg. Br., 3-4.  Under New York law, these policy provisions are construed to require notice within a reasonable time after the duty to give notice has arisen.  And, the Second Circuit has ruled when it comes to an excess insurer, the duty to provide notice accrues when the insured "had information from which it could reasonably conclude that an occurrence covered under an excess policy involved injuries or damages which…would be likely to trigger the policy." *Am Re-Insurance Co.*, 74 Fed. Appx. at 108.

Thus, the first question becomes has Plaintiff met its burden on summary judgment to show there is no issue of material fact that it provided notice as soon as it could reasonably conclude Progressive's policy would likely be implicated (i.e. when it could conclude it was likely damages would be greater than $250,000).  If not, the second question becomes whether Plaintiff has met its burden to show that, though its notice was untimely, no reasonable jury could find the delay unreasonable, taking into account "all the circumstances." *Olin Corp. v. Insurance Co. of N. Am.*, 743 F. Supp. 1044, 1053 (S.D.N.Y. 1990) (collecting cases).  On summary judgment the initial burden is on the movant, here Allstate, to show there is no genuine dispute of fact to these questions, not the Defendant's burden to show there is one.

13

Construing the facts and all permissible inferences in favor of Defendant, Plaintiff has not met that burden. Based on the summary judgment record, it seems eminently reasonable that a jury could conclude accrual of Allstate's notice duty was upon it learning of Mr. Sarmiento's demands, that it then would have been objectively "likely" that damages would exceed $250,000, and that the delay from that point was unreasonable.

Though Allstate contends that there was "no basis to determine that the insured reasonably should have known that the claim against him would likely…trigger the excess policy" at the time the complaint was filed because it "sought unspecified damages" above $15,000, it is a reasonable inference that Allstate would have learned of Mr. Sarmiento's demands early in the course of the State Court litigation. Pl. Sum. Judg. Br., 8. Nowhere in its filing does Plaintiff indicate when it learned of Mr. Sarmiento's demands but generally in litigation, the demand for damages is not kept hidden until almost a year after liability is established. It would be reasonable for a jury to conclude those demands were substantially greater than $250,000 given that the case eventually settled for $750,000, three times the amount covered by the primary policy. Thus it would be reasonable for a jury to conclude that at the point Allstate knew of Mr. Sarmiento's demands, it was objectively reasonable to believe it likely Progressive's policy would likely be implicated. Allstate has put forward no evidence that it learned of the damage demands only upon finishing examination of Mr. Sarmiento's medical and disability insurance records and consultation with experts.

From there, a reasonable jury could also find any delay unreasonable when considering all the circumstances. "[T]he question of the reasonableness of an excuse for late notice is generally a question of fact for the jury…" *Green Door Realty Corp. v. TIG Ins. Co.*, 329 F. 3d 282, 287 (2d Cir. 2003) (internal quotations omitted).

14

Allstate argues any delay was reasonable because it was contesting causation and needed to review records and consult experts before it could objectively say it was likely damages would exceed $250,000. But the record could indicate otherwise.

Allstate claims that it consulted with medical providers on the records beginning in late 2016 up until the time it notified Progressive. *See* Pincus Dec., ¶¶ 11-14, ECF No. 19-26. Allstate's contention is that because of causation concerns, it was only after this review that they realized more than $250,000 would be implicated in damages. But the findings of those medical experts (that Mr. Sarmiento "sustained, at most, a cervical strain," that "there was no evidence on the radiological films to support any traumatically induced injury or condition stemming from the subject accident," and that "the revision of the left microdiscectomy at L5-S1, as well as the posterolateral fusion at L5-S1, was not necessitated by the subject accident") all indicated a *lack* of causation, and, upon concluding the review, Allstate then paid out $250,000 to Mr. Sarmiento and notified Progressive. *Id.*

A reasonable jury would be within its rights to find that Allstate must have known this claim would likely exceed $250,000 well before it began examining records and consulting experts because even though the experts found a lack of causation, Allstate still knew at that point damages would exceed $250,000. It would be reasonable for a jury to find the delay unreasonable, because even upon taking the time and finding evidence that would reduce the award, Allstate then still paid out the full primary insurance amount. Thus, a reasonable jury could find, there was no real reason to delay, and that Allstate knew regardless of what the medical experts found damages could reasonably exceed the $250,000 limit of the primary policy.

Nothing in this opinion, however, establishes whether or not a reasonable jury could also find that Plaintiff's duty to notify did indeed accrue upon Plaintiff's finishing of its review of expert reports and medical records and/or that any delay on its part was in fact reasonable. Those questions are not before the Court. I only recommend the Court find there remains a genuine dispute of material fact as to exactly when in the course of litigation Allstate's duty to provide notice accrued and whether the extent of delay from that point was reasonable.

Thus, I recommend Plaintiff's motion for summary judgment also be denied.

## CONCLUSION

For the foregoing reasons, I recommend Defendant's motion to dismiss be DENIED and Plaintiff's motion for summary judgment be DENIED.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                  /s/  
                                          Steven L. Tiscione  
                                          United States Magistrate Judge  
                                          Eastern District of New York

Dated: Central Islip, New York  
        September 2, 2022