UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X   <u>For Online Publication Only</u>

ALLSTATE INDEMNITY COMPANY,

                                              Plaintiff,                  **<u>ORDER</u>**
                                                                                 20-CV-02800 (JMA) (ST)

    -against-

PROGRESSIVE CASUALTY INSURANCE
COMPANY,

                                              Defendant.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

In this dispute between two insurers, Plaintiff Allstate Indemnity Company ("Allstate") alleges that Defendant Progressive Casualty Insurance Company ("Progressive") wrongly disclaimed coverage for a portion of a settlement paid by Allstate in connection with an underlying personal injury action (the "Underlying Action"). Allstate seeks a declaratory judgment that Progressive must reimburse Allstate for $250,000 that Allstate paid out of an umbrella insurance policy following Progressive's disclaimer of coverage. (Compl. ¶¶ 27, 38, ECF No. 1.) After Progressive moved to dismiss Allstate's complaint and Allstate moved for summary judgment (ECF Nos. 18, 19), the Court referred the parties' motions to Magistrate Judge Steven L. Tiscione for a report and recommendation ("R&R"). (Electronic Order dated Apr. 29, 2022.) Now before the Court are the parties' objections to Magistrate Judge Tiscione's R&R, which recommends that the Court (1) deny Progressive's motion to dismiss and (2) deny Allstate's motion for summary judgment. (ECF No. 24.)

Both parties timely filed objections to the R&R. (ECF No. 27 ("Def.'s Obj."); ECF No. 28 ("Pl.'s Obj.").) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Tiscione's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C). See also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Tiscione's R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which the parties have objected.

Progressive objects to Magistrate Judge Tiscione's recommendation that the Court should deny its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). First, Progressive argues that Allstate's claims are foreclosed by New York Insurance Law § 3420(c)(2)(B) because Allstate's late notice established an irrebuttable presumption of prejudice, thus making Progressive's disclaimer proper. (Def.'s Obj. at 2–4.) Second, Progressive disagrees with Magistrate Judge Tiscione's determination that its insurance policy was an excess policy, and argues that as a result, caselaw regarding timely notice under excess insurance policies is inapposite. (Id. at 4–5.) Third, Progressive contends that even if its policy was an excess policy, Allstate's notice was still untimely under the relevant legal standard. (Id. at 5–6.) The Court has undertaken a de novo review of the full record and applicable law, and the Court agrees with Magistrate Judge Tiscione's recommendations. As a result, Progressive's objections are overruled.

Allstate objects to Magistrate Judge Tiscione's recommendation that its motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure should be denied.

Allstate argues that there is no genuine factual dispute that it provided notice to Progressive as soon as it became aware that the claim in the Underlying Action would exceed the coverage limits of Allstate's primary policy. (Pl.'s Obj. at 4–5.) And even if notice was untimely, Allstate contends, Progressive was not prejudiced because the late notice did not materially impair Progressive's ability—as an excess insurer—to investigate or defend the claim in the Underlying Action. (Id. at 6.) The Court has considered Allstate's objections to these portions of the R&R and has undertaken a de novo review of the full record and applicable law. The Court agrees with Magistrate Judge Tiscione's recommendations, and therefore Allstate's objections are overruled.

For the reasons stated above, the Court affirms and adopts the well-reasoned R&R in its entirety as the opinion of the Court. Accordingly, Progressive's motion to dismiss is DENIED, and Allstate's motion for summary judgment is DENIED.

**SO ORDERED.**

Dated:  September 26, 2022
Central Islip, New York

                                                              /s/   (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE